IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMANDA U. LEVY,

    Plaintiff,                                       No. 2:13cv-0132 KJM GGH PS

    vs.

CHASE BANK, et al.,

    Defendants.                         ORDER

_____/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

        Before the court is an amended complaint, filed prior to the time the court had the opportunity to screen the original complaint. Plaintiff[1] alleges that she visited a Chase Bank in New York City on September 30, 2011 to notarize a document, but after agreeing to this task, defendant bank's employee, an African American woman, "reneged after she witnessed Plaintiff's disabled placard ID." According to the amended complaint, the bank's employee proceeded to touch plaintiff with her hands, causing plaintiff to fall and suffer an asthma attack

---

[1] It should be noted that plaintiff Amanda Levy is also known as Amanda Ajuluchuku. See Ex. to Compl. According to Pacer, she has filed 229 lawsuits in the federal court system. See www.pacer.gov.

1

for two weeks. Plaintiff then went to a different Chase Bank in New York City where the bank employee, an African American man, informed her that her document could only be notarized at the first branch she had visited. Plaintiff then sets forth a history of bullying by various people throughout her life. Plaintiff appears to allege claims of bullying, violation of the Americans with Disabilities Act, discrimination in public accommodation under 42 U.S.C. § 2000a, and negligence.

The federal venue statute requires that a civil action based on an alleged violation of federal law be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

In this case, although defendant Chase Bank does reside in this district, see §1391(c), the court will not permit it to be prosecuted here. The claims arose in New York City, which is in the Southern District of New York. Venue may be equally appropriate in another forum "where it might have been brought," 28 U.S.C. § 1404(a), and in this case it is more appropriate in New York because the nature of the case is such that witnesses and evidence would be the bank personnel in the particular branch where plaintiff allegedly encountered her assault and battery and discrimination. This is not the type of case, such as a mortgage case, which might require Chase personnel in California to be involved. It is a claim of assault and battery which involves specific individuals working at these two New York City branches. It would be unfair to haul them all to Sacramento. The inequities are especially apparent in regard to this plaintiff who is now operating under an alias (Levy) and there is some controversy over whether she truly resides in Sacramento. Two cases by this plaintiff against Chase noted that plaintiff resides in Los Angeles even though she uses "general delivery" as her address in

Sacramento. See 12cv2815, 12cv2173. The probable reason that plaintiff is recently bringing her actions in Sacramento instead of the Central District is because she has filed so many cases there that the Los Angeles court now gives her short shrift. Pacer reveals she has filed 229 lawsuits, many of them in Los Angeles. She has filed 23 actions in the Eastern District alone.

A district court may transfer a case in the interests of justice to a more appropriate forum, § 1404(a), and may do so *sua sponte*. Washington Public Util. Grp. V. USDC (W.D. Wash), 843 F.2d 319, 326 (9th Cir. 1987). While the facts of this case suggests that it is not fairly brought in any court, New York at least is the forum where the pertinent personnel reside.

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Southern District of New York.

DATED: June 13, 2013

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/Levy0132.21.wpd

3